UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOPE COLEMAN<br>*Plaintiff*,<br><br>v.<br><br>CITY OF BOSTON, et al.,<br>*Defendants*. | No. 18-cv-10646-MLW |

### RESPONSE TO COURT ORDER AND
### MOTION TO EXTEND TIME TO FILE MOTION TO AMEND
### COMPLAINT AND MAKE AUTOMATIC DISCLOSURES

Plaintiff Hope Coleman respectfully responds to the Court's order that the parties "confer and, by February 8, 2019, report whether plaintiff agrees that the defendants who moved to dismiss, including Dyer, may be dismissed in their official capacities." [DE 55] In connection with the current state of that discussion, detailed below, Ms. Coleman moves to extend by 14 days the deadlines to file a motion to amend the Complaint (to February 27, 2019) and the parties' various Rule 26 disclosures (to March 8, 2019). Counsel for Dyer and the City of Boston/Police defendants have indicated that they do not object to such an extension. Undersigned counsel has not yet been able to confirm the position of counsel for EMT defendants regarding the requested extension as of the time of filing this document.

Ms. Coleman's position on the question posed by the Court is informed by two legal principles. <u>First</u>, a "suit against a public official in his official capacity is a suit against the governmental entity itself." *Surprenant v. Rivas*, 424 F.3d 5, 19 (1st Cir. 2005); *see also Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials,

ALLOWED
/s/ Wolf, DJ
Feb. 11, 2019

1