UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOPE COLEMAN, individually and as the legal representative of the ESTATE of TERRENCE J. COLEMAN,<br>    Plaintiff,<br><br>v.<br><br>CITY OF BOSTON et al.,<br>    Defendants. | C.A. No. 18-10646-MLW |

ORDER

WOLF, D.J.                                                          September 15, 2022

For the reasons stated at the September 14, 2022 hearing, it is hereby ORDERED that:

1. The parties shall confer and, by September 23, 2022, report: (a) whether they believe my disqualification is required pursuant to 28 U.S.C. §455(a) and/or (b) based on the matter discussed at the September 14, 2022 hearing; and, in any event, (b) whether they wish to waive any §455(a) ground for my disqualification pursuant to §455(e).

2. The parties shall confer and, by September 28, 2022, report jointly if possible their positions on who is the ultimate decisionmaker for purposes of plaintiff Hope Coleman's municipal liability claims. See Gonsalves v. City of New Bedford, 939 F. Supp. 915 (D. Mass. 1996). If the parties disagree, they shall explain the bases for their respective positions.

3. Coleman's Motion to Compel Discovery from Defendants City of Boston, William Evans, Garrett Boyle, and Kevin Finn (Dkt. No. 113) (the "Motion") is ALLOWED. By September 28, 2022, defendants shall: (a) produce all documents concerning the discussions defendants Boyle and Finn had with the Boston Police Department ("BPD") evaluators regarding their fitness to return to duty; (b) produce all documents concerning training for the BPD's Firearm Discharge Investigation Team ("FDIT"); (c) produce all documents concerning the policies, practices, or training concerning the return of firearms to police officers following shootings resulting in death, and all documents concerning the reissuance of firearms to Boyle and Finn, including, but not limited to, the related applications for licenses to carry firearms and documents related to Exhibit 1 of the Motion; and (d) identify one or more witnesses sufficiently knowledgeable to answer questions on the issues of (i) the FDIT investigation of Boyle and Finn, (ii) the finding that Boyle and Finn were fit to return to duty and the reissuance of firearms to them, and (iii) whether the BPD has ever reexamined its Rule 303 concerning the use of deadly force.

4. The parties shall confer and, by September 28, 2022, report whether they have reached any agreement to resolve this case.

5. The parties shall confer and, by October 12, 2022, report any agreement on how this case should proceed, including whether depositions should be reopened and what deadline they propose for completing depositions.

6. The parties shall order a transcript of the September 14, 2022 hearing.

_____<br>
UNITED STATES DISTRICT JUDGE