# Exhibit C

**Amy Barsky**

| | |
|---|---|
| From: | Elizabeth Bostwick <elizabeth.bostwick@boston.gov> |
| Sent: | Thursday, December 22, 2022 4:58 PM |
| To: | Amy Barsky |
| Cc: | Sarah McAteer; William Fick; Daniel Marx; Sophia Hall |
| Subject: | Re: Coleman - sanctions motion |

Amy,

Reading Commissioner Evans' deposition, the majority of the questions he was unable to fully address were about 2020 and later revisions of Rule 303. We take the position that this is beyond the scope of the Court's order on the topic of 303.

We attempted to have a candid conversation on November 2nd ahead of the continued 30 b (6) deposition, to clarify what exactly Plaintiff's counsel sought to ask, including questions relating to 303, so that the Commissioner could be adequately prepared to answer the questions. Commissioner Evans was not, and could not be the City's designee for anything related to Rule 303 in 2020, four years after the incident, and after he left the City.   Attorney Fick indicated that Plaintiff would provide some guidance to this end, but instead we received an email that only restated the broad 30(b)(6) topics.

Had the Plaintiff's counsel indicated in our telephone call that the Plaintiff wanted to know about Rule 303 issued in 2020, the City would have undertaken to prepare and identify a different witness, and/ or sought additional relief from the Court.  The situation as it stands is the creation of the Plaintiff's failure to adequately disclose what she wanted. I asked what information did the Plaintiff feel that she did not get and/or still need an answer to.

The "clarification" we received relating to Rule 303 was that Plaintiff sought to ask the Commissioner about "any re-examination, evaluation, or evolution of Rule 303 by the BPD." This is incredibly broad and did not give the City reasonable notice that Plaintiff intended to ask the Commissioner about what was essentially legislative action taken after the murder of George Floyd, four years after the incident in question. We would have objected to this line of questioning ahead of time had we known Plaintiff intended to ask such questions. Further, in response to the Court's Order, the City provided Plaintiff with 141 pages that included all versions of Rule 303 and all Standing Orders amending Rule 303 from 2004 through the present. This more than adequately addresses the evolution of Rule 303.

Commissioner Evans answered fully and completely any and all questions about the critical time period 2016 (the year of the incident) until when he left in 2018.  He also addressed Rule 303 as it then existed as well as any changes to Rule 303 which as he stated, there were none, as nothing needed to be done regarding Rule 303 after this incident up to the time he left.  Commissioner Evans was not qualified to answer any questions about any BPD rule or regulation after he left BPD nor would any other police commissioner.

Although we are unlikely to agree with Plaintiff's motion for sanctions, we are available to talk if there are any other facts outstanding that may be addressed by Sgt. Pratt or otherwise addressed before filing. Also, to the extent you have further questions about the signature that appears on the return of firearms forms, the City can answer these questions through Sgt. Pratt.

Elizabeth L Bostwick
Senior Assistant Corporation Counsel
City of Boston Law Department

Boston City Hall, Rm 615
One City Hall Square Boston MA 02201
Phone: 617-635-4031
Fax: 617.635.3199
Email: elizabeth.bostwick@boston.gov

The information contained in this electronic transmission ("e-mail"), including any attachment (the "Information"), may be confidential or otherwise exempt from disclosure. It is for the addressee only. This Information may be privileged and confidential attorney work-product or a privileged and confidential attorney-client communication. The Information may also be deliberative and pre-decisional in nature. As such, it is for internal use only. The Information may not be disclosed without the prior written consent of the Corporation Counsel of the City of Boston. If you have received this e-mail by mistake, please notify the sender and delete it from your system. Please do not copy or forward it. Thank you for your cooperation.

On Thu, Dec 22, 2022 at 12:52 PM Amy Barsky <abarsky@fickmarx.com> wrote:

Liz, Sarah,

We intend to file a motion for sanctions against the City for discovery violations. We will ask that the Court direct that certain facts be treated as established, given Evans' inability to answer questions; that the remainder of deposition(s) proceed under "live" judicial supervision; and that fees/costs be awarded to Plaintiff in an amount to be determined when discovery is complete. While we do not expect that you will agree to any of the requested relief, we are nevertheless available to discuss, per the local rules, if there may be ways for us to narrow areas of disagreement. Please let us know.

Also, we intend to use the June, 2020 amendment to Rule 303 as an exhibit (Ex 1 to Evans depo). Would the City agree to withdraw the "confidential" designation of that document so that it can be filed on the public docket? Conversely, Boyle and Finn's health evaluations were not designated confidential. We assume that was inadvertent and will file those under seal, to the extent we use them. We intend to file today or tomorrow.

Thanks,

Amy

Amy Barsky

Fick & Marx LLP

24 Federal St. 4th Fl.

Boston, MA 02110