UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOPE COLEMAN, individually and as the legal representative of the ESTATE of TERRENCE J. COLEMAN,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>CITY OF BOSTON et al.,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 18-10646-MLW<br>)<br>)<br>)<br>)<br>) |

ORDER

WOLF, D.J.　　　　　　　　　　　　　　　　　　　　March 3, 2023

For the reasons discussed at the March 2, 2023 hearing on plaintiff Hope Coleman's motion for sanctions (Dkt. No. 144), it is hereby ORDERED that:

1. Plaintiff Hope Coleman and defendant City of Boston (the "City") shall confer and, by March 9, 2023, provide, jointly if possible, a report concerning:

　　a. A proposed schedule for the City to: (i) agree on search terms and parameters for electronic searches; (ii) search again for documents responsive to all of plaintiff's prior document requests; (iii) produce any additional documents responsive to those requests; and (iv) file an affidavit describing in detail the search conducted, whether any additional documents were discovered and, if so, the nature of them.

      b.    The name(s) of the Federal Rule of Civil Procedure 30(b)(6) witness(es) designated by the City to testify concerning every revision of the City's Rule 303 Use of Deadly Force Policy after whatever date upon which the parties agree and at least including the 2020 revisions to the Rule 303. See Fed. R. Civ. P. 30(b)(6) ("The persons designated must testify about information known or reasonably available to the [City]."); see also Booker v. Mass. Dep't of Pub. Health, 246 F.R.D. 387, 389 (D. Mass. 2007) ("if the persons designated by the [City] do not possess personal knowledge . . . the [City] is obligated to prepare the designees so that they may give knowledgeable and binding answers for the [City]." (citation omitted)); Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., 201 F.R.D. 33, 37 (D. Mass. 2001) ("Even if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed. . . . because the 'individuals so deposed are required to testify to the knowledge of the [City], not the individual.'" (citation omitted)).

      c.    The amount of reasonable expenses including attorneys' fees caused by the City's failure to obey the September 15, 2022 Order (Dkt. No. 127) and related November 10, 2022 Order (Dkt. No. 140) (setting deadline of December 12, 2022), that the court must award, if consistent with its tentative view, the court concludes that failure was not substantially justified. See Fed.

R. Civ. P. 37(d)(3); see also Red Wolf Energy Trading, LLC v. Bia Cap. Mgmt., LLC, No. CV 19-10119-MLW, 2022 WL 4112081, at *26 (D. Mass. Sept. 8, 2022).[1]

    d. A proposed schedule for completing the Rule 30(b)(6) depositions, and thus completing discovery.

    2. The parties shall order the transcript of the March 2, 2023 hearing on an expedited basis. The transcript shall be read by Adam Cederbaum, Corporation Counsel for the City of Boston, who shall appear personally at the next hearing or conference in this case.

                                                                         /s/ Charles P. O'Kelley
                                                             UNITED STATES DISTRICT JUDGE

---

[1] At present it appears to the court that the City violated the September 15, 2022 Order and the November 10, 2022 Order by not producing Rule 30(b)(6) designee Detective Thomas Pratt for his deposition on or before December 12, 2022; by refusing to provide all documents concerning the reissuance of firearms to defendants Garrett Boyle and Kevin Finn, including, but not limited to, the licenses to carry firearms; and by the failure to designate and provide for a deposition a properly informed Rule 30(b)(6) witness concerning whether the Boston Police Department has ever re-examined its Rule 303 concerning the use of deadly force.