UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOPE COLEMAN, individually and as the legal representative of the ESTATE of TERRENCE J. COLEMAN, <br>    Plaintiff, <br><br>          v. <br><br> CITY OF BOSTON; BOSTON PUBLIC HEALTH COMMISSION; WILLIAM EVANS, individually and in his supervisory capacity as the former Commissioner of the Boston Police Department; MICHAEL COX, in his official capacity as the Commissioner of the Boston Police Department; SOPHIA DYER, individually and in her official and supervisory capacities as the Medical Director for the Boston Police Department and Boston Emergency Medical Services; KEVIN FINN, individually and in his official capacity as a police officer for the Boston Police Department; GARRETT BOYLE, individually and in his official capacity as a police officer for the Boston Police Department, <br>    Defendants. | C.A. No. 18-10646-MLW |

ORDER

WOLF, D.J.                                                                              March 31, 2023

     For the reasons discussed at the March 29, 2023 hearing, it is hereby ORDERED that:

     1.  Counsel for defendants Boston Public Health Commission and Dr. Sophia Dyer shall provide all potential witnesses with

the March 16, 2023 Sequestration Order (Dkt. No. 153) and explain the Sequestration Order to them. Counsel shall, by April 3, 2023, at 10:00 a.m., file affidavits verifying their compliance.

2. Pursuant to Fed. R. Civ. P. 25(d), Michael Cox is substituted for defendant William Evans in his official capacity as the Commissioner of the Boston Police Department ("BPD"). Corporation counsel for defendant City of Boston (the "City"), Adam Cederbaum, shall inform Commissioner Cox that he is a party to this case.

3. Defendant Kevin Finn's and Garrett Boyle's redacted applications for licenses to carry firearms, filed as Sealed Exhibit C (Dkt. No. 173-4), are UNSEALED. If their counsel wishes to file a version of the applications with revised redactions for the court to consider substituting on the docket, it shall do so by April 3, 2023.

4. The court finds that the City has not produced for depositions adequately prepared Fed. R. Civ. P. 30(b)(6) witnesses to testify concerning: (a) the FDIT investigation of Boyle and Finn; (b) the decision that Boyle and Finn were fit to return to duty and the reissuance of firearms to them; and (c) whether the BPD has ever reexamined its Rule 303 concerning the use of deadly force. The City shall produce for depositions properly prepared Rule 30(b)(6) witnesses on these subjects.

This shall include a witness who can provide testimony regarding Boyle's and Finn's applications for licenses to carry firearms (Dkt. No. 173-4), and testimony concerning those applications' relation to the BPD's November 2, 2016 decision to reissue firearms to Boyle and Finn. Upon the completion of the City's document searches pursuant to the March 3, 2023 Order (Dkt. No. 160), the parties shall report the minimum time reasonably necessary to complete the Rule 30(b)(6) depositions.

5. The court finds that the City's failure to obey the September 15, 2022 Order (Dkt No. 127) was not substantially justified and will award Coleman reasonable attorneys' fees and expenses pursuant to Fed. R. Civ. P. 37(b)(2)(C). The City shall, by April 12, 2023, respond concerning whether Coleman's request for attorneys' fees and expenses in the amount of $114,207.60 as of March 2, 2023 (Dkt. No. 172) is reasonable, and include a statement of the minimum time necessary for the City to issue the payment for the amount the court awards as of March 2, 2023. Additional amounts to be awarded will be determined in the future. Coleman shall, by April 20, 2023, file any reply.

6. Paragraph 1(a)(iv) of the March 3, 2023 Order (Dkt. No. 160) is MODIFIED. In addition to the requirements previously described in the March 3, 2023 Order, the City's affidavit shall describe the prior searches conducted by the City in response to

Coleman's requests for production, including searches for electronic communications, and identify who conducted them. If any additional documents are discovered in the renewed searches the affidavit shall provide an explanation as to why those documents were not discovered and produced previously.

7. All parties shall confer on a schedule for expert witness reports and depositions and shall, by May 2, 2023, report, jointly if possible, a proposed schedule for them.

8. A status and scheduling conference shall be held on May 5, 2023, at 2:00 p.m., at the Moakley Federal Courthouse. Corporation Counsel Adam Cederbaum and Commissioner Michael Cox shall attend.

9. Counsel for the City shall consider Massachusetts Rules of Professional Conduct 1.7, 1.8, and 1.13, and any other relevant Rules, and, by April 12, 2023, report whether they believe it is permissible for the same counsel to continue to represent the City, Evans, Cox, Boyle, and Finn in their various capacities.

10. The parties shall order a transcript of the March 29, 2023 hearing.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE