UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HOPE COLEMAN,
    *Plaintiff*,

v.

CITY OF BOSTON, et al.,
    *Defendants*.

No. 18-cv-10646-MLW

### PLAINTIFF HOPE COLEMAN'S MEMORANDUM CONCERNING JOINT REPRESENTATION ISSUES

Plaintiff, Hope Coleman, hereby submits this memorandum concerning joint representation and sequestration issues in advance of the hearing scheduled for May 5, 2023, in order to advise the Court of her positions and to provide additional factual and procedural background and documentation for the Court's information.

1.    Ms. Coleman takes no position on whether the *current* joint representation of Defendants, Garrett Boyle and Kevin Finn, by Brody, Hardoon, Perkins, & Kesten, LLP, and the *continued* joint representation of the City and Defendant, William Evans, in his *individual* capacity by the Boston Law Department are permissible.[1]

---

[1] As the Court has already noted, Evans was sued both individually and in his official capacity as then-Commissioner of the Boston Police Department. By operation of Fed. R. Civ. P. 25, current Commissioner Michael Cox automatically replaced Evans (and other intervening Commissioners) in his official capacity while leaving in place claims against Evans as an individual. "Naming a government official in his official capacity is the equivalent of naming the government entity itself as the defendant, and requires the plaintiff to make out *Monell*-type proof of an official policy or custom as the cause of the constitutional violation." Karen N. Blum, *Section 1983: Basic Principles, Individual and Entity Liability* 29 (2008) (citing *Potochney v. Doe*, No. 02 C 1484, 2002 WL 31628214, at *3 (N.D. Ill. Nov. 21, 2002) ("[A] suit against a Sheriff in his official capacity is a suit against the Sheriff's Department itself. . . Plaintiffs are not required to show any personal involvement of Sheriff Ramsey in such an official capacity case.")). Ms. Coleman does not discern any potential conflict in the joint representation of the City and Commissioner Cox in his official capacity.

2.     However, Ms. Coleman requests that the Court establish a record (whether by submission of written waivers or live testimony) that all jointly represented individual defendants have knowingly and voluntarily waived any actual and potential conflicts so that the issue does not become a potential basis for any defendant to later seek to vacate a verdict in favor Ms. Coleman in this case.

3.     Ms. Coleman also requests that the Court's sequestration order, D.E. 153, remain in force even as to jointly represented defendants.

4.     Critically, the Court's sequestration order does not address the *historical* joint representation issues and potential for collusion among defendants (and other witnesses) that occurred just after the fatal shooting of Terrence Coleman, during the FDIT and District Attorney investigations of the shooting, and before this lawsuit was filed. Ms. Coleman is continuing to research and evaluate potential remedies, such as requesting a special jury instruction concerning witness credibility and *Monell* liability.

5.     As Ms. Coleman noted in prior filings, both the officers (Boyle and Finn) and EMTs (Mentele and MacKinnon) involved in the incident are members of the same union, the Boston Police Patrolmen's Association ("Union"), which is comprised of a "Patrolmen's Division" and an "EMS Division." *See generally* https://bppa.org/.

6.     Immediately after Boyle shot and killed Mr. Coleman, Union officials escorted Boyle and Finn from the scene, together, in a single ambulance and ensured neither officer spoke to BDP or FDIT investigators that night. At the hospital, additional Union officials, including now-disgraced then-President Pat Rose, met with both Boyle and Finn. The Union then enlisted a single law firm, Anderson, Goldman, Tobin & Pasciucco, LLP ("Law Firm"),[2] to jointly

---

[2] *See* https://www.andersongoldman.com/about-us.

represent each of Boyle, Finn, Mentele, and MacKinnon in the investigation, including at each individual's FDIT interview conducted within days of the shooting.

7.  While Pasciucco represented the EMTs and Anderson represented the officers, lawyers from a single law firm are treated as a single lawyer for conflict purposes. *See* Mass. R. Prof. C. 1.10 (imputed disqualification).

8.  Excerpts from the depositions of Boyle (Ex. A), Finn (Ex. B), Mentele (Ex. C) and MacKinnon (Ex. D) are attached hereto. Based on information developed by deposition testimony Ms. Coleman understands that:

- Attorneys Anderson and Pasciucco met on one or more occasions with Boyle and Finn together prior to the officers' FDIT interviews;

- Attorneys Pasciucco and Anderson met on one or more occasions with Mentele and MacKinnon together prior to the EMTs' FDIT interviews;

- None of Boyle, Finn, Mentele, or MacKinnon were advised of a potential conflict of interest or asked to waive such conflict;

- None of Boyle, Finn, Mentele, or MacKinnon individually had a written engagement agreement with the Faw Firm; and

- Based on the discovery provided to date, Ms. Coleman does not know whether or how the engagement between the Union and the Law Firm may have been documented, how the attorneys may have been compensation (and in what amount), or when their joint representation ended.

9.  As Ms. Coleman has said before, the City's failure to sequester critical witnesses is evidence that the jury should be able to consider in deciding whether the BPD's investigation of the Coleman's shooting was a sham and whether the BPD's culture tacitly endorsed the officers' use of excessive deadly force.

10. In addition, there is a question about whether the discussions between Boyle, Finn, and their prior attorney, who jointly represented them, were privileged, because each officer was a stranger to the privilege between the other officer and his attorney.

Respectfully submitted,

**HOPE COLEMAN**
by her attorneys,

　　/s/   William Fick
Amy Barsky (BBO# 601111)
Daniel N. Marx (BBO# 674523)
William W. Fick (BBO# 650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
DMARX@FICKMARX.COM
WFICK@FICKMARX.COM
ABARSKY@FICKMARX.COM

Oren Sellstrom (BBO# 569045)
Sophia L. Hall (BBO# 684541)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 984-0274
OSELLSTROM@LAWYERSFORCIVILRIGHTS.ORG
SHALL@LAWYERSFORCIVILRIGHS.ORG

Dated: May 4, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 4, 2023.

*/s/William Fick*