UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOPE COLEMAN<br>*Plaintiff*,<br><br>v.<br><br>CITY OF BOSTON, et al.,<br>*Defendants*. | No. 18-cv-10646-MLW |

## AFFIDAVIT REGARDING PREVIOUS DISCOVERY EFFORTS

I, Sarah McAteer, counsel for the City of Boston (the "City") and William Evans in the above captioned case, make the following affidavit regarding discovery efforts made prior to September 2022 based upon the following sources of information: (1) conversations with prior counsel for the City, including Nicole O'Connor, Judge Erika Reis, and Nieve Anjomi; (2) conversations with counsel for the Boston Police Department ("BPD"); (3) a review of emails located in a search for discovery-related emails involving the above-mentioned attorneys as well as counsel for the Boston Police Department; (4) conversations and emails with over thirty employees of the Boston Police Department; (5) a review of previous email searches; and (6) a review of the City's case file and prior discovery responses. I have no personal knowledge of these efforts and the forgoing statements are based on my best understanding of the information gathered from these sources of information.

1. Prior counsel for the City sought to answer and respond to Plaintiff's prior discovery requests in a full and complete manner.

2. In doing so, prior counsel for the City contacted over fifty uniformed members of the BPD to look for records in their personal possession (i.e. notes and/or communications).

1

3. Prior counsel requested responsive materials from all individuals they identified as involved in the events underlying the First Amended Complaint, including the investigation conducted thereafter.

4. Prior counsel for the City contacted custodians of records for at least the following departments: Internal Affairs Department, the Homicide Unit (under which the FDIT investigations are conducted), the Office of the Police Commissioner, the Office of Media Relations, the Bureau of Administration and Technology, Human Resources, the Boston Police Academy, and the Office of Research and Development.

5. Based upon my review of electronic records, I know that prior counsel for the City contacted at least the following individuals regarding discovery in this matter:

    i. Garrett Boyle
    ii. Kevin Finn
    iii. Tanya Dennis (OLA)
    iv. Joseph King
    v. David Fredette (OLA)
    vi. Kathy Kearney
    vii. Thomas Pratt
    viii. Jenna Savage
    ix. James Blake
    x. Phillip Terenzi
    xi. Carmen Curry
    xii. Jeffrey Walcott
    xiii. Brian Larkin
    xiv. John Boyle
    xv. William Evans
    xvi. Bridie Brienzi
    xvii. Adrian Troy
    xviii. Ian Keefe
    xix. Daryl Owens
    xx. Nancy Cellucci
    xxi. Lisa O'Brien
    xxii. Martha DeMaio
    xxiii. Sharon Dottin
    xxiv. Anthony Williams
    xxv. Richard Moriarty
    xxvi. Melvin Ruiz

xxvii. Sgt. Garrett Mitchell
xxviii. Marc Sullivan
xxix. William Doogan
xxx. Richard Lewis
xxxi. John Broderick
xxxii. Timothy Murray
xxxiii. Michael Stratton
xxxiv. Vance Mills
xxxv. Michael Sullivan
xxxvi. James Morrissey
xxxvii. Charles Cellucci
xxxviii. John Hynes
xxxix. Kevin Zarnoch
xl. Amyleigh DeVito
xli. John Feeney
xlii. Daniel McMorrow
xliii. Michael Maloney
xliv. Kyle Holmes
xlv. Thomas Antonino
xlvi. Zachary MacInnis
xlvii. Jason Hessler
xlviii. Brian Yandle
xlix. Mark Holbrook
l. Christopher Keaton
li. Edward Boudreau
lii. Michael Andrade
liii. Nicholas Litterio
liv. Ciro Feliciano
lv. Seth Housman
lvi. Richard Trill
lvii. Karl Truong
lviii. Patrick Creavin
lix. Jerome Hall
lx. Jessica Gardner
lxi. Shawn MacIver
lxii. Daniel Murphy
lxiii. Terrique Chambers
lxiv. Timothy Warren
lxv. Alex Misiaszek
lxvi. Sean OConnor
lxvii. Sean Cullen
lxviii. Sean Obrien
lxix. Michael Paillant
lxx. Erick James
lxxi. Lisa Venus
lxxii. Sharon Woods

    lxxiii.    Kim Parker

6. Prior counsel for the City recalls asking Plaintiff to provide search terms to narrow requests that appear to invite a search of the City's email database.

7. In response to several of Plaintiff's discovery requests, prior counsel for the City included a request for more specific search terms relating to several RFPDs.[1]

8. The following search was previously run of the City's email database: any email sent or received by Adrian Troy ( adrian.troy@pd.boston.gov), Frank Mancini (frank.mancini@pd.boston.gov), or Jeffrey Walcott (jeffrey.walcott@pd.boston.gov), that contains the word "Terrence", "Coleman", "2016-002", "Finn" or "Boyle" (sent or received between October 30, 2016 to present). Based upon a review of the 769 pages of emails originally produced, additional search(es) must have been done, but the City is unable to confirm how such search(es) were conducted.

9. The City produced over 6,000 bates stamped pages and/or files.

10. The City received over 100 discovery requests through RFPDs and discovery-related letters from Plaintiff. The City responded substantively – either with the production of documents or a legal objection – to each request. In addition to providing additional discovery on an ongoing basis, the City supplemented its responses to Plaintiff's first set of RFPDs five times and supplemented its responses to Plaintiff's second set of RFPDs two times.

Dated: 5/15/2023

x _____

Print name: Sarah McAteer

---

[1] Through multiple "deficiency letters" and Plaintiff's motion to compel, the issue of a City-wide email search was never raised by Plaintiff. Outside of the discussions mentioned above, in which prior counsel for the City asked Plaintiff for search terms if they wished such a search to be conducted, prior counsel for the City does not recall the issue of a City-wide email search ever being raised.