UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOPE COLEMAN, individually and as the legal representative of the ESTATE of TERRENCE J. COLEMAN,<br>   *Plaintiff*,<br><br>  v.<br><br>CITY OF BOSTON *et al.*,<br>   *Defendants*. | No. 18-cv-10646-MLW |

## DEFENDANT CITY OF BOSTON'S MOTION TO REMOVE BOSTON POLICE COMMISSIONER MICHAEL COX AS A DEFENDANT IN THIS ACTION

I.  INTRODUCTION

The Defendant, City of Boston (the "City"), hereby asks that this Court remove Boston Police Commissioner Michael Cox in his Official Capacity as a Defendant in this case. In support thereof, the City states as follows:

In an Order dated March 31, 2023, this Court ordered that, "[p]ursuant to Fed. R. Civ. P. 25(d), Michael Cox is substituted for defendant William Evans in his official capacity as the Commissioner of the Boston Police Department." May 31, 2023 Order, ¶ 2. The Court ordered Corporation Counsel Adam Cederbaum to inform Commissioner Cox that he was now a party, and the Court ordered the Commissioner to appear in Court on May 5, 2023. *Id.*, ¶¶ 2, 8. Commissioner Cox appeared at the May 5, 2023 status and scheduling conference as ordered.

In reviewing the docket of this matter, the City has ascertained that former Commissioner Evans was not still being sued in his official capacity as of March 29, 2023. It is

1

true that in the original Complaint Commissioner Evans was sued in his Official Capacity.[1] However, in March of 2019 the plaintiff filed an Amended Complaint in which Defendant Evans was only sued in his individual capacity. Thus, Rule 25 (d) does not apply, and Commissioner Cox should not be a defendant.

II.     ARGUMENT

The Plaintiff filed her original complaint on April 18, 2018, naming the City of Boston and seven individuals as defendants. *See* ECF 1. All the individuals, including William Evans, were sued individually and in their official capacities. *Id.* Evans was also sued in his supervisory capacity. *Id.* Subsequently, Defendants James Hooley, Kyle Mackinnon, Terrence Mentele, Alexandra Michalowski and Sophia Dyer M.D. filed motions to dismiss. *See* ECF 31, 33.

On January 18, 2019, this Court allowed the motion only with regard to claims against defendants Hooley, Mackinnon, Mentele, and Michalowski in their individual capacities. *See* ECF 55. As to Dr. Dyer the Court allowed the motion regarding some of her alleged supervisory liability. *Id.* In a footnote, the Court ordered the parties to confer and report whether the plaintiff agreed to dismiss all the moving defendants in their official capacities. *Id.*

On February 27, 2019 the plaintiff filed a Motion to Amend Complaint along with a proposed Amended Complaint. *See* ECF 60. On March 5, 2019, the Court allowed the Motion, and the plaintiff filed her Amended Complaint. *See* ECF 62. In paragraph 18, the plaintiff alleged that she is asserting claims against Defendant William Evans "individually". *Id.* There is no

---

[1] Even if Commissioner Evans remained named in his official capacity – and thereby Commissioner Cox substituted pursuant to Fed. R. Civ. P. 25(d) – he would be a redundant defendant and subject to dismissal where the City is also a named defendant. *Decotiss v Whittemore*, 635 F.3d 22,26, 38 (1st Cir. 2011) (finding that claims against municipal employees in their official capacity are redundant when a municipality is sued directly and may be dismissed); citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Surprenant v. Rivas*, 424 F.3d 5, 19 (1st Cir.2005) ("A suit against a public official in his official capacity is a suit against the governmental entity itself.").

claim against Commissioner Evans in his "official capacity". *Id.* Accordingly, since March 5, 2019 Defendant Evans was only being sued in his individual capacity. Therefore, Fed. R. Civ. P. 25(d) did not apply to the claims against him as it only applies to officials sued in their official capacity. As a result, there was no basis to substitute Commissioner Cox in his official capacity for defendant Evans on March 29, 2023.

### III. CONCLUSION

For the reasons stated above, the defendants ask that this Court remove Commissioner Cox as a defendant in this matter.

WHEREFORE, the Defendant asks this honorable Court to rescind its order that Commissioner Cox be substituted for Defendant Evans in this matter.

Respectfully submitted,

**CITY OF BOSTON**

by its attorneys,

*/s/ Sarah J. McAteer*

Sarah McAteer (BBO# 706403)
Elizabeth Bostwick (BBO# 644498)
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4048
SARAH.MCATEER@BOSTON.GOV
ELIZABETH.BOSTWICK@BOSTON.GOV

## **CERTIFICATE OF SERVICE**

I, Sarah J. McAteer, hereby certify that I served a true copy of the above document upon all parties via this court's electronic filing system on June 16, 2023.

*/s/ Sarah J. McAteer*

Sarah J. McAteer

## **7.1 CERTIFICATION**

I, Sarah J. McAteer, hereby certify that I conferred with Plaintiff's counsel about the relief requested herein in an effort to narrow the issues before the Court on June 15, 2023.

*/s/ Sarah J. McAteer*

Sarah J. McAteer