UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-cv-10646

HOPE COLEMAN, individually and as the legal representative of the ESTATE OF TERRENCE J. COLEMAN,

    Plaintiff,

v.

CITY OF BOSTON, et al.,

    Defendants.

**CITY OF BOSTON'S SUPPLEMENTAL OPPOSITION
TO PLAINTIFF'S REQUEST FOR FEES**

Defendant City of Boston (the "City") hereby submits this supplemental opposition to Plaintiff's request for fees (ECF 241) which incorporates, by reference, the legal and factual arguments made in the City's July 17, 2023 filing (ECF 240).

**I.    BACKGROUND**

1. The City's main objective with respect to the lodestar calculation submitted by Plaintiff for the period between March 3, 2023 and May 31, 2023 has been to be able to have a good faith and collaborative discussion with Plaintiff to reach an agreement regarding the appropriate fees to be paid by the City relating to the City's violation of the Court's discovery orders.

2. The Court stated it would "see what the City's request for clarification is" and then the Parties could proceed.  See June 27, 2023 transcript, page 47.  The City's request for

clarification will aid the Parties in having a fruitful discussion regarding the lodestar calculation submitted on June 23, 2023, and also provide direction as to future lodestar calculations that are anticipated to be submitted quarterly.

3. In the most recent filing, Plaintiff's suggestion that the City seeks to delay payment of fees is not accurate. The City's request for clarification was intended to <u>avoid future litigation</u> regarding attorneys' fees to the extent possible. If the Parties know the Court's position – in light of the relevant case law and statutes – regarding what fees should be paid, they could work toward agreement without the need to "squander the limited time and resources of this Court and the parties" litigating this lodestar calculation and future lodestar calculations. *See* ECF 241, ¶ 6.

4. However, Plaintiff opposed and the Court denied the City's request for an extension of time following any guidance provided by the Court, so the City submits the following opposition to the specific lodestar calculation filed by Plaintiff relating to March 3, 2023 through May 31, 2023. The City reviewed and prepared the Plaintiff's lodestar calculation in the attached spreadsheet. *See* Exhibit "A."

**II.     ARGUMENT**

**a. The non-core tasks should be billed at 2/3 of Plaintiff's counsels' hourly rate, and not at counsel's full hourly rate.**

It is established practice in the First Circuit to distinguish between "core" and "non-core" work when determining attorney's fees. *Wilson v. McClure*, 135 F. Supp. 2d 66, 72 (D. Mass. 2001) (citing *Brewster v. Dukakis*, 3 F.3d 488, 492 n. 4 (1st Cir.1993). "[C]ore work includes legal research, writing of legal documents, court appearances, negotiations with opposing counsel, monitoring, and implementation of court orders. Non-core work consists of less demanding tasks, including letter writing and telephone conversations." *Id*. (quoting *Brewster*, 3

2

F.3d at 492 n. 4.)  "Non-core work also includes conferences with co-counsel." *Id*. (citing *Alfonso*, 66 F. Supp. 2d at 196.  Non-core work also involves attendance at court hearings in "a non-participatory capacity*." Guckenberger v. Boston Univ.*, 8 F. Supp. 2d 91, 101 (D. Mass. 1998).  "Usually, non-core work is compensated at two-thirds of the particular lawyer's hourly rate for core work." *Id.*

The City identified those tasks which should appropriately be billed as "non-core" in the attached spreadsheet, highlighted green. *See* Exhibit "A."  Based on the foregoing law, the City submits that time for these non-core work items should be appropriately paid at 2/3 of the attorney's hourly rate. The City objects to being assessed a full attorney rate for these items – that include writing emails, talking on the phone, and talking with co-counsel.

### b.  Plaintiff's lodestar calculation entries listing multiple tasks that must be divided between core and non-core tasks.

Where Plaintiff has not delineated within a particular entry what work is core work and what work is non-core, the recorded hours should be distributed evenly among each task within a particular entry.  *See Wilson*, 135 F. Supp. 2d at 73 (citing *Alfonso*, 66 F. Supp. 2d at 197 (treating mixed entries as one-half core and one-half non-core); *Guckenberger*, 8 F. Supp. 2d at 102 (same)).  Where Plaintiff has not distinguished between hours spent on core versus non-core tasks, the City divided the hours by task and assessed a non-core 2/3 rate to non-core tasks and 100% attorney rate to tasks appropriately identified as core.  *See* Exhibit "A."

### c.  Plaintiff's claim for fees should also be reduced where the same task is duplicated and billed on among multiple attorneys.

"To determine the number of hours reasonably spent, one must first determine the number of hours actually spent and then subtract from that figure hours which were duplicative,

3

unproductive, excessive, or otherwise unnecessary." *Wilson*, 135 F. Supp. 2d at 70 (citing *Grendel's Den*, 749 F.2d at 950). When calculating reasonable attorney's fees, the court should subtract "hours which [are] duplicative, unproductive, excessive, or otherwise unnecessary." *Grendel's Den*, 749 F.2d at 950; *Showtime Ent. LLC v. Ammendolia*, 2016 WL 1555685, at *2 (D. Mass. 2016).

Thus, entries where Plaintiff has listed fees relating to multiple attorneys that are duplicative (i.e. multiple attorneys listening in on the same phone call, multiple attorneys reviewing the same Court order), the City assesses that appropriate fees are ½ rate for the duplicated entry, although based on the law they could be removed from the calculation entirely. *See id.* These entries are identified in blue in Exhibit "A."

   **d.  Plaintiff's lodestar calculation includes travel time which should not be included.**

Time spent traveling to and from Court hearings – during which no legal work was recorded – should be eliminated from the calculation. *Guckenberger v. Boston Univ.,* 8 F. Supp. 2d 91, 102 (D. Mass. 1998). Such fees are excessive and unreasonable. *See U.S. ex. rel. Averback v. Pastor Med. Assocs. P.C.*, 224 F. Supp. 2d 342, 351 (D. Mass. 2002). These entries are identified in red in Exhibit "A."

   **e.  The City is unable to determine whether certain fees were caused by the City's discovery violations and, therefore, these fees should not be charged to the City until Plaintiff identifies what discovery the work relates to**

The City incorporates the legal and factual arguments presented in its July 17, 2023 relating to entries where the City is unable to determine whether the work listed relates to the City's discovery violations or not. These entries are highlighted in yellow in Exhibit "A" and the total cost associated with these entries is provided in Exhibit "B." The City states that some portion of these fees may be appropriately assessed to the City, but not all of them. Without the

4

clarification described in the City's previous filing, the City is unable to make that determination. As this Court has noted, any sanctions imposed must be both "just" and "specially related to the particular 'claim' at issue.*"* *Red Wolf Energy Trading, LLC. v. Bia Capital Management, LLC*, 2022 WL 14757791 (D. Mass. 2022) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 72 L.Ed.2d 492 (1982). The expenses and attorney's fees to be awarded are those "caused by the failure." *See* Fed. R. Civ. P. 37(b)((2)(C); Fed. R. Civ. P. 37(C)(1)(A).

An award of attorney's fees imposed as a sanction "must be compensatory rather than punitive in nature." *Good Year Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017) (citing *Mine Workers v. Bagwell,* 512 U.S. 821, 826-830 (1994). A "sanction counts as compensatory only if it is 'calibrated to the damages caused by' the bad faith acts on which it was based. A fee award is so calibrated if it covers the legal bills that the litigation abuse occasioned. But if the award extends further than that – to fees that would have been incurred without the misconduct- then it crosses the boundary from compensation to punishment." *Good Year Tire & Rubber Co. v. Haeger*, 581 U.S. at 108. "[W]hen a defendant would have incurred [an] expenses in any event, he has suffered no incremental harm from [the failure to provide discovery] and so the court lacks a basis for shifting the expense." *Fox v. Vice*, 563 U.S. 826, 836 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). The causal connection required is framed as a but-for test. *Fox,* 563 U.S. at 836. It does not appear that all the fees claimed by the Plaintiff meet the but for causation standard, and therefore they should not be awarded.

Accordingly, the City requests that the Court issue guidance sought through the City's previous filing and that Plaintiff's attorneys expand upon their fees entries so that the City can determine what fees are appropriate.

### f. Calculation

Based upon the City's calculations described above – and demonstrated in Exhibit "A"– the City believes that fees properly assessed to the City at this juncture are $70,950.55 plus costs of $215.10, for a total amount of $71,185.65. This does not include the fees for reviewing discovery as the City is unable to make this determination based on the Plaintiff's lodestar. Given the fact that the City's discovery violations resulted in the production of some, but not most, of the discovery work conducted, the City made efforts to work with the Plaintiff's attorneys, but the Parties were not able to reach an agreement.[1]

---

[1] Even assuming the City is responsible for some of the fees associated with the additional electronic discovery, it is not appropriate under the law to charge an attorney's full hourly rate for review of e-mails and such discovery.

### III.  CONCLUSION

WHEREFORE, the Defendant City of Boston respectfully requests that the Court assess the City fees and costs in the amount of $71,185.65 relating to the Plaintiff's lodestar reflecting work from March 3, 2023 through May 31, 2023. The City further requests that the Court provide the guidance sought in its July 17, 2023 filing so that future litigation regarding attorneys' fees can be avoided to the extent possible.

Respectfully submitted:

**DEFENDANT, CITY OF BOSTON**

By its attorneys:

Adam N. Cederbaum
Corporation Counsel

*/s/ EL Bostwick*
Sarah J. McAteer (BBO# 706403)
Elizabeth L. Bostwick (BBO# 644498)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4048 (McAteer)
(617) 635-4031 (Bostwick)
Sarah.McAteer@boston.gov
Elizabeth.Bostwick@boston.gov

### CERTIFICATE OF SERVICE

I certify that I served a true copy of the above document upon Plaintiff's counsel via this Court's electronic filing system on July 28, 2023.

/s/ *EL Bostwick*
_____
Elizabeth L. Bostwick