**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HOPE COLEMAN,<br>   *Plaintiff*,<br><br>   v.<br><br>CITY OF BOSTON, et al.,<br>   *Defendants*. | No. 18-cv-10646-MLW |

**PLAINTIFF HOPE COLEMAN'S RESPONSE**
**TO DEFENDANT CITY OF BOSTON'S RESPONSE [D.E. 293] TO**
**DECEMBER 15, 2023 COURT ORDER [D.E. 286]**

Plaintiff Hope Coleman respectfully submits the following Response to the Defendant

City of Boston's Response [D.E. 293] to the Court's Order dated December 15, 2023 [D.E. 268].

Ms. Coleman has repeatedly told the City that she objects to public filings concerning

settlement beyond concise responses to the specific, narrow questions posed in paragraph 4 of

the Court's December 15, 2023 Order. However, in light of the information contained in the

City's public filing [D.E. 293], Ms. Coleman is now compelled to respond.

1.      The City's eleventh-hour request for "more time to mediate" this matter "directly

with the Court" rings hollow in context.

2.      For many months prior to filing her Motion for Default Judgment, Ms. Coleman

made clear that she was prepared to engage in mediation "directly with this Court" or with a

Magistrate Judge. The City Defendants categorically refused to consider mediation "directly with

this Court" and indicated that mediation with a Magistrate Judge should await the conclusion of

fact discovery.

3.      Ms. Coleman's position at this juncture, which she has explained to the City, is

that "mediation directly with the Court," which would necessarily entail *ex parte*

communications between each party and the Court, is not appropriate while her Motion for Default Judgment is pending.

4.      The City's self-serving assertion that it "stands ready to settle this matter for an appropriate sum" is belied by the City's reference to *its* version of events, and the tape of EMT radio transmissions (11/14/23 Hr. Ex. 2),[1] which reflect the City's apparent belief that Ms. Coleman's claims have little more than nuisance value.

5.      The prospect of settlement, which currently appears *very* remote given the parties' respective positions, should not derail or delay the Court's consideration of her Motion for Default Judgment.

6.      Ms. Coleman nevertheless remains prepared to engage in good faith settlement discussions, as she has been from the inception of the case.

---

[1] Ms. Coleman expects to file a Memorandum concerning hearing Exhibit 2, and the legally and factually erroneous assertions in Mr. Kesten's related filings, later today.

Respectfully submitted,

**HOPE COLEMAN**

by her attorneys,

*/s/ William W. Fick*
Daniel N. Marx (BBO# 674523)
William W. Fick (BBO# 650562)
Amy Barsky (BBO# 601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
DMARX@FICKMARX.COM
WFICK@FICKMARX.COM
ABARSKY@FICKMARX.COM

Oren Sellstrom (BBO# 569045)
Sophia L. Hall (BBO# 684541)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 984-0274
OSELLSTROM@LAWYERSFORCIVILRIGHTS.ORG
SHALL@LAWYERSFORCIVILRIGHTS.ORG

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 21, 2023.

*/s/ William W. Fick*